## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| WILLIAM KEISLING, | * | Chapter 7 |
| d/b/a YARDBIRD BOOKS, | * | |
|     Debtor | * | |
| | * | Case No.: 1-06-bk-00820 |
| | * | |

**************************************************************************

| | | |
|---|---|---|
| | * | |
| RUSSELL L. WANTZ, JR. and | * | |
| SCHAAD DETECTIVE AGENCY, INC., | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | Adv. No.: 1-06-ap-00108 |
| | * | |
| WILLIAM KEISLING, | * | |
| d/b/a YARDBIRD BOOKS, | * | |
|     Defendant | * | |

## OPINION

### Procedural and Factual History

The matter before me is a motion to dismiss that raises a purely legal issue under state law – whether a judge may issue an injunction to prevent the publication of allegedly defamatory statements. In the above-captioned adversary proceeding, Plaintiffs seek a permanent injunction against Debtor's publication of a book that contains statements about them that allegedly are defamatory. Article 1, Section 7 of the Pennsylvania Constitution states that a matter involving allegations of defamation must be heard by a jury. According to Debtor, this provision precludes a judge from exercising her powers in equity to enjoin defamation without a jury first finding that the statement in question is defamatory. Plaintiffs' case has not been

presented to a jury in any forum. In this adversary proceeding, briefs have been filed, and the

matter is ready for decision.[1]

## Discussion

Debtor cites *Kramer v. Thompson*, 947 F.2d 666 (3rd Cir. 1991) to support his motion to

dismiss.  In *Kramer*, attorney Steven Kramer, invoking diversity jurisdiction, brought a state law

libel action in the District Court for the Eastern District of Pennsylvania against a former client,

Richard Thompson. Kramer alleged that Thompson wrote numerous letters to various

individuals and newspapers defaming Kramer and his law practice.  After a jury trial, the

presiding judge found that Thompson's statements were defamatory *per se* and granted a

directed verdict in favor of Kramer.  The judge instructed the jury to render a decision only on

the issue of damages.  After the jury rendered its verdict, the judge simultaneously entered a

permanent injunction prohibiting Thompson from making further defamatory statements about

Kramer.  Thompson then appealed to the Third Circuit Court of Appeals.  In a lengthy opinion,

the Third Circuit discussed whether Pennsylvania law authorized a district court to enjoin

defamatory statements. The Circuit discussed the historical underpinnings, which dated to an

English decision rendered in 1818, of the "traditional view that equity does not have the power

to enjoin the publication of defamatory matter." *Id* at 671.  Quoting at length from the case of

*Mazzocone v. Willing*, 246 Pa. Super. 98, 369 A.2d 829 (1976), which affirmed an injunction

against defamation issued by a state court, the Circuit noted that the traditional view has been

challenged by numerous writers and cases in modern times.  However, the Circuit also observed

---

[1]This court has jurisdiction over adversary cases pursuant to 28 U.S.C. §§157 and 1334.
The matter of determining whether this court has subject matter jurisdiction is this case is a core
matter pursuant to 28 U.S.C. §157(b)(2)(A) and (O).  This Opinion constitutes the findings of
fact and conclusions of law made under Fed. R. Bankr. P. 7052.

that, on appeal, the Supreme Court of Pennsylvania upheld the traditional view in *Mazzocone* and reversed the order granting the injunction. The Supreme Court concluded that the injunction was an unconstitutional prior restraint on "the exercise of an individual's right to freely communicate thoughts and opinions." *Willing v. Mazzocone*, 482 Pa. 377, 381, 393 A.2d 1155, 1157 (1978).

In the instant case, Plaintiffs do not challenge the merits of the traditional view; instead, they assert that this Court or the District Court can conduct a jury trial or that the automatic stay may be lifted to allow a jury trial to commence in state court. Plaintiffs do not specifically request a preliminary injunction or temporary restraining order to bar publication of the material at issue while the jury trial is pending. Given Plaintiff's failure to challenge the traditional view or otherwise assert legal basis for this Court to entertain a suit for an injunctive remedy, and given the clarity of state and federal cases on the subject, I am provided with no legal basis upon which to deny the motion to dismiss. Moreover, on October 20, 2006, an order was entered lifting the automatic stay to permit Plaintiffs to proceed in the Court of Common Pleas of York County for the purpose of determining whether defamation occurred and for injunctive relief, if appropriate.[2] Accordingly, an order will be entered dismissing the within complaint.

By the Court,

Mary D. France

Bankruptcy Judge

Dated: February 22, 2007

*This document is electronically signed and filed on the same date.*

---

[2]This Court retained jurisdiction to assess damages and to determine the payment of those damages.